IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| EARNEST LEE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-1086 |
| | ) | |
| CITY OF PEORIA, KENNETH S. ORWIG, and PAUL TUTTLE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendants City of Peoria, Illinois (City), Kenneth S. Orwig, and Paul H. Tuttle's Motion to Dismiss (d/e 5) (Motion). Plaintiff Earnest Lee Young brings an action under 42 U.S.C. § 1983 against the Defendants for selective prosecution in violation of his constitutional rights. At the time of the filing of the Motion, the underlying criminal proceeding was still pending in state court. Defendants move to dismiss because the Court should abstain from interfering with that ongoing state criminal proceeding under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and because Plaintiff Young's Complaint and Demand for Jury Trial (d/e1) (Complaint) fails to state a claim. For the reasons set forth below, the Court agrees. The Court therefore recommends that the Motion should be ALLOWED.

STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and Demand for Jury Trial (d/e1) (Complaint) and draw all inferences in the light most favorable to Plaintiff Young. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court may also take judicial notice of matters of public record, such as court records, and consider those matters is resolving the Motion. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).

Young is a Black man and a convicted felon.[1] He lived with his White girlfriend Jean Rodriguez and his brother Bobby Lee Young in a residence owned by his brother located within the City (Residence).[2] Rodriguez was also a convicted felon. On December 9, 2010, Peoria Police Officer John Williams arrested Young at the Residence on a domestic battery charge.[3]

---

[1] Young refers to himself as Black and to his Rodriguez as White. E.g., Complaint, ¶¶ 9. For purposes of the Motion, the Court adopt's Young's racial designations of Black and White.

[2] The Complaint does not allege the address of the Residence.

[3] Young does not allege the name of his girlfriend or the name of the arresting officers. The Court takes their names from the state court documents filed by the Defendants. Memorandum of Law in Support of Motion to Dismiss (d/e 6), Exhibit 1 (d/e 8) People v. Young, Peoria County Circuit Court No. 10-CF-01243, Bill of Indictment (Indictment), and Exhibit 3 (d/e 7) People v. Young, Case No. 10-01243 Motion to Quash.

Defendant Tuttle was a City Police officer assigned to the Crime Scene Unit. Defendant Orwig was Tuttle's supervisor in the Crime Scene Unit. Tuttle was called to the Residence on December 9, 2010, after Young was arrested to remove a shotgun from the Residence. Tuttle removed the shotgun and marked it as non-evidence. Tuttle transported the shotgun to the City Police Department (Department) for storage. Complaint, ¶¶ 9-10.

Tuttle ran a background check on the shotgun with the knowledge and approval of Orwig. The check revealed that the shotgun was owned by Young's brother Bobby Lee Young. Tuttle also determined that Bobby Lee Young had a valid Illinois Firearm Owner's Identification (FOID) Card. Tuttle did a background check on Young, Rodriguez, and his brother. Tuttle conducted these checks with the knowledge and approval of Orwig. Tuttle and Orwig, thus, knew that both Young and Rodriguez were convicted felons and both lived in the Residence where the shotgun was found. Complaint, ¶¶ 11-13.

With this knowledge, Tuttle placed a tag on the shotgun designating the shotgun as non-evidence. The tag further contained Young's name rather than the name of his brother or Rodriguez. Tuttle placed the shotgun in the non-evidence section of the Department storage. Orwig knew and approved of Tuttle's actions. Complaint, ¶¶ 10, 14.

Orwig and Tuttle allegedly conspired to selectively prosecute Young because he was Black, but not Rodriguez because she was White. Orwig and Tuttle furthered this conspiracy by tagging the shotgun with Young's name alone rather than including Rodriguez's name, tagging the shotgun as non-evidence, and placing the shotgun in non-evidence storage area. Young alleges that Orwig and Tuttle also concealed material facts and evidence from a prosecutor, a judge, and/or their supervisors at the Department.[4] Young alleges that Orwig and Tuttle acted under color of law. Complaint, ¶¶ 11, 12-17. Young alleges that as a result of this conspiracy, he has been subjected to selective prosecution because of his race in violation of his rights to equal protection.

Young makes one allegation against the City:

> Defendant, City of Peoria, has demonstrated a pattern and practice of subjecting similarly situated criminal suspects including the Plaintiff to a crime scene unit within the Peoria Police Department, to which this unit constantly and intentionally conspires to engage in selective prosecution by intentionally concealing material facts and/or evidence collected from the crime scene not telling the prosecutor, a judge, and/or their supervisors and/or not taken corrective measures on their own to insure similarly situated criminal suspects including the Plaintiff is not illegally deprived of liberty because evidence obtained is intentionally not revealed especially involving firearms.

---

[4]Young sometime uses the term "superintendent fo police" and sometime uses the term "supervisors". See Complaint, ¶¶ 13, 16, and 18. For simplicity, the Court uses the term supervisors to include the superintendent of police.

Complaint, ¶ 18 (emphasis in the original).

On December 21, 2010, a Peoria County, Illinois, grand jury indicted Young on charges of unlawful possession of a firearm by a felon (felon in possession), misdemeanor domestic battery, and felony domestic battery, all in violation of Illinois law. Indictment, Counts 1, 2, and 3. Young filed a Motion to Quash the state proceeding. Motion to Quash. Young's Motion to Quash raised the claim of selective prosecution. Young stated that the arresting officer Williams engaged in selective prosecution when he arrested Young, but not Rodriguez, on the felon in possession charge. Id. The state court entered a handwritten order on December 15, 2011, which resolved several motions. Defendants' Memorandum, Exhibit 3 (d/e 7), People v. Young, Peoria County Circuit Court No. 10-CF-01243, Order entered December 15, 2011 (Order). The Order stated in part, "2) Motion 10/28/11 re Selective Prosecution– Motion is Denied." Id. The state court proceeding was still pending in Peoria County Circuit Court at the time that the Defendants filed this Motion.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and

allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

Young alleges a claim for selective prosecution. He seeks injunctive relief and damages, including punitive damages and prejudgment interest. Selective prosecution occurs when the prosecutor abuses his discretion and prosecutes a person because of his ethnicity, race, religion, or some other arbitrary classification in violation of the person's right to equal protection. United States v. Armstrong, 517 U.S. 456, 463-65 (1996). Young alleges that he was subjected to selective prosecution because he was prosecuted on the charge of felon in possession, but Rodriguez was not. Complaint, ¶¶ 14-16. The Defendants move to dismiss on the grounds that this Court should abstain from considering Young's claim under the Younger abstention doctrine. The Defendants also argue that

the Complaint fails to state a claim. The Court agrees with both contentions.

The Younger doctrine applies in this case. Plaintiff Young has already raised selective prosecution in state court, and the state court rejected the claim. Young asks this Court to contradict the decision of the state court and enjoin the state court proceeding. This type of interference with ongoing state court proceedings is exactly what the Younger doctrine prohibits. See Younger, 401 U.S. at 43-54 (discussing the policies against federal court interference with state court proceedings.).

The Seventh Circuit has set forth the requirements of the Younger abstention doctrine,

> The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate.

Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002); see Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 436-37 (1982); Younger, 401 U.S. at 45. The elements of the Younger doctrine are clearly present. The ongoing criminal proceeding is a judicial proceeding, and the criminal case implicates important state interest to protect its citizens from criminal activity. The criminal proceeding offers

Young the opportunity to vindicate his rights. The state court allowed him to raise his selective prosecution claim; if he is convicted, he can raise the issue of selective prosecution again on appeal. Young makes no showing of any extraordinary circumstances which make abstention inappropriate. The Court, thus, must abstain from hearing any claim that would interfere with the ongoing state court proceeding.

Under the Younger abstention doctrine, this Court should normally stay this case until the state proceeding is resolved because Young cannot bring his damages claim in the state criminal proceeding. Green, 281 F.3d at 667.[5] This case, however, should be dismissed because Young fails to state a claim regardless of abstention under Younger.

Young alleges that Orwig and Tuttle conspired to selectively prosecute him and furthered that conspiracy by (1) removing the firearm from Young's residence after Young's arrest, (2) placing Young's name rather than Rodriguez's name on a tag on the firearm and designating the

---

[5]This case may also need to be dismissed for a separate reason if Young is convicted of the felon in possession charge. Young may not be able to bring a § 1983 claim for damages from an unlawful state conviction without first having the conviction overturned in some manner. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Young's selective prosecution claim, if successful, would necessarily mean that his conviction was unlawful. Omegbu v. Milwaukee County, 326 Fed.Appx. 940, 942 (7th Cir. April 28, 2009); see Armstrong, 517 U.S. at 463-64. Under Heck, therefore, Young should not be able to proceed with this claim if he is convicted until he first has the conviction, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

firearm as non-evidence, (3) placing the firearm in the non-evidence portion of the Peoria Police Department storage area, and (4) concealing material facts and evidence from the prosecutor, a judge, and/or their supervisors.

Young's allegations, even if true, fail to plausibly state a § 1983 claim for conspiracy to selectively prosecute him. First and foremost, Orwig and Tuttle did not prosecute anyone. They were police officers. The Peoria, County, Illinois, State's Attorney (State's Attorney) only had authority to prosecute Young. 55 ILCS 5/3-9005(a). Young does not allege that the State's Attorney participated in the conspiracy. Thus, the State's Attorney decided to prosecute Young and not Rodriguez, not Orwig and Tuttle.

At best, Young attempts to allege that Orwig and Tuttle somehow caused the State's Attorney to engage in selective prosecution. Young, however, also fails to allege facts to state a claim under this theory. Young must demonstrate but-for causation to prevail on a § 1983 claim. Fairley v. Andrews, 578 F.3d 518, 525-26 (7th Cir. 2009). Young, thus, must allege facts that would plausibly show that the Orwig and Tuttle directly caused the State's Attorney to prosecute Young because of Young's race. Young fails to do so. The Complaint alleges Tuttle, with the knowledge and consent of Orwig: (1) removed the shotgun from the Residence; (2) put a non-evidence tag with Young's name on it on the shotgun; (3) placed the shotgun in the non-evidence storage area at the Department facility; (4) ran

background checks on the shotgun, Young's brother, Young, and Rodriguez, and (5) concealed material facts and information from a prosecutor, a judge, and/or their supervisors. These allegations do not plausibly show that Tuttle and Orwig caused the State's Attorney to prosecute Young because of his race. At best, these allegations state that Tuttle and Orwig attempted to withhold some information from the State's Attorney about the shotgun and Rodriguez. Young does not allege facts that would explain how or why the withholding of this information by these two Crime Scene Unit officers would cause the State's Attorney to abuse his prosecutorial discretion and prosecute Young because of his race.

Moreover, the State's Attorney had access to the relevant information from other sources. Officer Williams arrested Young and knew all the information that Tuttle and Orwig allegedly tried to conceal. Young's own Motion to Quash states that Williams knew that the shotgun was in the Residence, that Young and Rodriguez both lived in the Residence, and that Rodriguez and Young both were convicted felons. Young was present when Williams arrested him, and so, knew that this information was communicated to Williams. Thus, the State's Attorney had access to all the relevant information from Williams regardless of Tuttle and Orwig's alleged

efforts.[6] Young fails to allege that Tuttle and Orwig caused the State's Attorney to selectively prosecute Young because of his race.  Young fails to state a claim against Tuttle and Orwig for selective prosecution.

Young also fails to state a claim against the City.  Young alleges that the City is culpable because Tuttle and Orwig acted pursuant to the City's pattern and practice of using the Crime Scene Unit to cause the State's Attorney to engage in selective prosecution.  Complaint, ¶ 18; See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).  Young, however, fails to allege that Tuttle and Orwig violated his rights.  He, therefore, fails to allege that he suffered any wrong from Tuttle and Orwig's execution of the City's pattern and practice.  Sallenger v. City of Springfield, Ill., 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.").  He therefore fails to state a claim against the City.

The Court also notes that Young fails to allege any facts that would state a claim against the City.  The sole allegation against the City, quoted above, is exactly the type of "formulaic recitation of the elements of a cause

---

[6]The Indictment also shows that the State's Attorney had access to the relevant information despite Orwig and Tuttle's alleged efforts to withhold material facts and evidence.  The Indictment identifies Rodriguez by name and also alleges that she was a family or household member at the Residence.  Indictment, Counts 2 and 3.  The Indictment also alleges that the shotgun was in the Residence.  Indictment, Count 1.

of action" that the Supreme Court declared to be insufficient to state a claim. Iqbal, 556 U.S. at 677-78; see also, McCauley v. City of Chicago, 671 F.3d 611, 618 (7th Cir. 2011). (Allegations of legal conclusions "contribute nothing to the plausibility analysis under *Twombly/Iqbal*."). The claim against the City should be dismissed.

WHEREFORE, Defendants City of Peoria, Illinois, Kenneth S. Orwig, and Paul H. Tuttle's Motion to Dismiss (d/e 5) should be ALLOWED and this case should be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: June 29, 2012

    *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE