E-FILED
Thursday, 25 October, 2012  02:44:46 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| EARNEST LEE YOUNG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1086 |
| | ) |
| CITY OF PEORIA, KENNETH ORWIG, AND PAUL TUTTLE, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

This matter is now before the Court on Defendant City of Peoria, Kenneth Orwig, and Paul Tuttle's Motion to Dismiss (ECF No. 5) and Magistrate Judge Byron G. Cudmore's ("Judge Cudmore") Report and Recommendation (ECF No. 7). In his Report and Recommendation, Judge Cudmore concludes that this Court should abstain from interfering with Plaintiff Earnest Young's ("Young") underlying state court criminal proceeding and, moreover, should grant Defendants' Motion to Dismiss due to Plaintiff's failure to state a claim. For the reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and, in so doing, GRANTS Defendants' Motion to Dismiss.

### FACTUAL BACKGROUND

On December 9, 2010, Young, a black convicted felon,[1] was arrested on a domestic battery charge at a residence he shared with his white convicted felon girlfriend Jean Rodriguez ("Rodriguez") and his brother Bobby Lee Young ("Bobby Young"). (ECF No. 1 at ¶¶9, 10); (ECF No. 12 at 2). Defendant Paul Tuttle ("Tuttle"), a Peoria City Police officer assigned to the

---

[1] Young refers to himself as "black" and Rodriguez as "white." *See* ECF No. 1 at ¶9. For purposes of this Order, the Court will accept Young's designations of "black" and "white" as racial descriptors.

Crime Scene Unit, was called to remove a shotgun from the residence after Young was arrested. (ECF No. 1 at ¶9). With the knowledge and approval of his supervisor Sergeant Kenneth Orwig ("Orwig"), Officer Tuttle removed the shotgun, marked it as non-evidence and transported it to the City Police Department for storage. *Id.* at ¶¶ 9, 10. Officer Tuttle performed a background check on the shotgun, tracing it to Bobby Young who held a valid Illinois Firearm Owner's Identification Card. Tuttle then performed a background check on Young, Bobby Young, and Rodriguez. *Id.* at ¶¶11, 12. Young claims that Tuttle, with Orwig's knowledge and approval, placed the gun in the "non evidence section of the Peoria City Police Department Property Room as being [Young's] property when they knew the gun was the legal property of [Young's] brother who also resided in the home" and that they intentionally conspired to selectively prosecute Young as opposed to Rodriguez although they "both had knowledge of the gun in the home." *Id*. at ¶14. Young claims that the officers conspired to have Young selectively prosecuted because he is black but not Rodriguez because she is white. *Id.* at ¶¶15, 16. Tuttle and Orwig furthered this conspiracy by labeling the shotgun as Young's property only rather than including Rodriguez's name, placing it in the non-evidence storage area, and concealing material facts and evidence from the prosecutor, the judge, and/or their supervisors[2] at the Department. *Id.* at ¶16. At all times relevant to the instant case, Young asserts Tuttle and Orwig acted under color of law. *Id.* at ¶17. Young claims the City of Peoria ("City"):

> has demonstrated a pattern and/or practice of subjecting similarly situated criminal suspects including the Plaintiff to a Crime Scene Unit within the Peoria Police Department, to which this United constantly and intentionally <u>conspires</u> to engage in selective prosecution by intentionally concealing material facts and/or evidence collected from the crime scene not telling the prosecutor, a judge, and/or their supervisors and/or not taken [sic] corrective measures on their own to insure [sic] similarly situated criminal suspects including the plaintiff is not legally

---

[2] At times Young uses the term "superintendent for police" interchangeably with the term "supervisors." *See* (ECF No. 1, ¶¶13, 16, and 18. For purposes of this Order, the Court uses the term supervisors to include the superintendent of police.

>  deprived of liberty because evidence obtained is intentionally not revealed especially involving firearms.

(ECF No. 1, ¶18)(emphasis in original).

On December 21, 2010, a grand jury indicted Young on charges of unlawful possession of a firearm by a felon, misdemeanor domestic battery, and felony domestic battery in violation of Illinois law. (ECF No. 8); (ECF No. 10 at 5). On December 2, 2011, Young filed a Motion to Quash, stating that arresting officer John Williams ("Williams") engaged in selective prosecution when he arrested Young, but not Rodriguez, on the felon in possession charge. (ECF No. 7, 1-3). On December 15, 2011, the Circuit Court of the Tenth Judicial Circuit denied that Motion. (ECF No. 7, 4-5).

Young commenced the instant case on March 13, 2012, wherein he complained that Orwig and Tuttle conspired to engage in selective prosecution and that the City has demonstrated a pattern of subjecting criminal suspects similarly-situated to Plaintiff to selective prosecution. Defendants filed their response, arguing that this Court should abstain under the *Younger* doctrine or, alternatively, that Plaintiff failed to state a claim. In their Motion, Defendants noted that the underlying criminal state proceeding was still pending. (ECF No. 6 at 2). In his Report and Recommendation (ECF No. 12), Judge Cudmore agreed that the *Younger* doctrine applied and that Plaintiff's Complaint failed to plausibly state a claim against the defendant officers or the City. Plaintiff objected to the Report and Recommendation, asserting that "extraordinary circumstances exist that make *Younger* abstention inappropriate" (ECF No. 13); however, Plaintiff did not explain what those extraordinary circumstances were but instead reiterated his claim that Defendants Tuttle and Orwig subjected him to selective prosecution.

## STANDARD OF REVIEW

A district court may refer a claim to a magistrate judge to conduct a hearing. *See* 28 U.S.C. §636(b)(1)(B). Following the hearing, the magistrate judge must submit his proposed findings of fact and recommendations for disposition to the district court. *See* Fed. R. Civ. P. 72(b). Either party may file written objections to the report and recommendation within 14 days. *Id*. If no party objects to the magistrate judge's action, the district court may accept the recommendation and reconsider *sua sponte* any matter determined by a magistrate judge. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Failure to object to a magistrate judge's report and recommendation will constitute a waiver of objections of both factual and legal questions on appeal. *Brokaw v. Brokaw*, 128 F.App'x 527, 530 (7th Cir. 2005). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b).

In reviewing a motion to dismiss, this Court views the Complaint's allegations in a light most favorable to Plaintiff, draws all reasonable inferences in favor of Plaintiff, and takes as true all well-pleaded facts and allegations in the Complaint. *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). The Court is mindful that it must afford a *pro se* plaintiff's allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court indicated that although it "[did] not requir[e] heightened fact pleading of specifics" it did require complaints to contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544 (2007). As such, plaintiffs must include facts supporting a claim for relief that "nudg[e] their claims across the line from

conceivable to plausible." *Id.* Likewise, in *Ashcroft v. Iqbal*, the Supreme Court ruled that courts considering a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." 556 U.S. 662, 679 (2009). The Supreme Court held that complaints must be supported by well-pleaded factual allegations. These allegations are entitled to an assumption of veracity; the reviewing court should then determine whether they "plausibly give rise to an entitlement to relief." *Id.* At the motion to dismiss stage, this Court may disregard legal conclusions or recitations of a cause of action which contribute nothing to the *Twombly/Iqbal* plausibility analysis. *McCauley v. City of Chicago*, 671 F.3d 611, 617-618 (7th Cir. 2011).

## DISCUSSION

The Court first turns to the Exhibits to Defendants' Motion to Dismiss (ECF Nos. 7-9). These Exhibits are comprised of filings made in the underlying criminal case against Young in the Circuit Court of the Tenth Judicial Circuit. Because these state court documents are a matter of public record, they are undisputed, and the Court may take judicial notice of them without converting Defendants' Motion to Dismiss (ECF No. 5) into a motion for summary judgment. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). A court may take judicial notice of facts that (1) are not subject to reasonable dispute and (2) are either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. *Ennenga v. Starns*, 677 F.3d 766, 773-774 (7th Cir. 2012). Accordingly, the Court finds it appropriate to take judicial notice of the Exhibits because they are comprised of facts readily ascertainable from the public court record and are not subject to reasonable dispute. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding public court documents judicially noticeable).

I.  **THE *YOUNGER* DOCTRINE REQUIRES THIS COURT TO ABSTAIN FROM INTERFERING WITH YOUNG'S ONGOING STATE COURT PROCEEDINGS.**

The Court agrees with Judge Cudmore's ruling that it should abstain under the doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that principles of comity and federalism compelled federal courts to abstain from enjoining pending criminal proceedings in state court, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53 (1971). The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, 2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A federal court should intervene when: "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions, federal intervention in the state proceeding is appropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (internal citations omitted.)

In the instant case, all four *Younger* factors favor abstention: Young's ongoing state court criminal proceeding is a judicial proceeding and the criminal case implicates Illinois' important interest in protecting its citizens from criminal activity. Moreover, the state court criminal proceeding affords Young an adequate opportunity to vindicate his constitutional rights. In his Objection (ECF No. 13), Young claims that an extraordinary circumstance is present in this case because he was selectively prosecuted. However, the exception for prosecutorial bad faith is

6

very narrow and requires a showing that "the statute was enforced against [plaintiff] with no expectation of convictions but only to discourage exercise of protected rights." *Carbone v. Zollar*, 845 F. Supp. 534, 538 (N.D. Ill. 1993) (citing *Cameron v. Johnson,* 390 U.S. 611, 621 (1968). Mere allegations of selective prosecution are insufficient in themselves to meet the bad faith exception. *Id.* In this case, Young fails to assert any facts that the Defendants did not expect to convict him but only wanted to discourage the exercise of his protected rights. Accordingly, Young may not rely on the bad faith exception to *Younger* and, without an exception, this Court must abstain from enjoining the state court proceeding. Pursuant to the *Younger* doctrine, this Court normally should stay the instant case until the state proceeding is resolved because Young cannot bring his damages claim in the state criminal proceeding. *Green*, 281 F.3d at 667. However, the Court finds dismissal is appropriate because Young's Complaint fails to state a claim.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Young filed his Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Orwig, Tuttle, and the City violated his civil rights under the Fifth Amendment. Young seeks injunctive relief, compensatory and punitive damages, and prejudgment interest. Young argues that Orwig and Tuttle conspired to selectively prosecute him and furthered that conspiracy by (1) removing the shotgun after Young's arrest, (2) labeling it with Young's name rather than Rodriguez's name and designating it as non-evidence, (3) placing the shotgun in the non-evidence portion of the Peoria Police Department property room, and (4) concealing material facts and evidence from the prosecutor, a judge, and/or their supervisors. Young claims the City "has demonstrated a pattern and/or practice of subjecting similarly situated criminal suspects…to a Crime Scene Unit within the Peoria Police Department… which… constantly and intentionally conspires to

7

engage in selective prosecution." (ECF No. 1 at ¶18). While the Court considers Young's allegations to be true for purposes of this Order, those allegations fail to plausibly state a § 1983 claim for conspiracy to selectively prosecute him.

To be successful on his selective prosecution claim, a plaintiff must show the government's policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996). In order to prove that Tuttle and Orwig's actions had a discriminatory effect, Young must proffer evidence that he is a member of a protected class, that he is similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class. *Chavez v. Ill. State Police*, 251 F.3d 612, 636 (7th Cir. 2001). There is no "magic formula for determining whether someone is similarly situated." *Id.* Rather, the Court must undertake a fact-specific, common-sense inquiry wherein different factors are relevant for different types of inquiries. *See id.* Discriminatory purpose "implies more than… intent as an awareness of consequences. It implies that the decisionmaker… selected or reaffirmed a particular course of action at least in part because of… its adverse effects upon an identifiable group." *McCleskey v. Kemp*, 481 U.S. 279, 298 (1987).

As indicated above, the Court accepts as true Young's racial characterizations of himself as a "black" convicted felon and Rodriguez as "white" convicted felon. Young alleges Orwig and Tuttle engaged in a conspiracy to selectively prosecute him because he is black but not Rodriguez because she is white. Young argues the officers furthered this conspiracy by placing his name rather than Rodriguez's name on the shotgun although they both resided in the same home. Although Young offers only one similarly-situated individual as evidence of discriminatory effect it is this Court's finding that, given these factual circumstances, Young has

8

made a prima facie showing that he was treated differently than a similarly-situated convicted felon who is not black.  With respect to the second prong, Young offers only conclusory allegations to support his claim that Tuttle and Orwig "conspired to conceal material facts… from the prosecutor by intentionally not placing a property tag on the gun with the name of the white female [Rodriguez] on it… when they knew the Plaintiff and girlfriend [Rodriguez] was [sic] similarly situated." (ECF No. 1 at ¶15).  Young provides no evidence that would support an inference that racial consideration played a part in his prosecution for unlawful possession of a firearm by a felon.  Even if true, Young's allegations fail to address the simple fact that the State's Attorney decided to prosecute him rather than Rodriguez – not Orwig and Tuttle.  Young must demonstrate but-for causation to prevail on a §1983 claim if Young's claim were construed as an allegation that Orwig and Tuttle somehow caused the State's Attorney to engage in selective prosecution. *Fairley v. Andrews*, 578 F.3d 518, 525-6 (7th Cir. 2009).  However, Young fails to allege facts that would explain how or why Orwig and Tuttle's labeling of the shotgun as Young's rather than Rodriguez's would cause the State's Attorney to abuse his prosecutorial discretion and prosecute Young because of his race. Moreover, the State's Attorney knew of the relevant information despite Orwig and Tuttle's alleged efforts to conceal it: the underlying state court Indictment identifies Rodriguez by name, alleges she was a family or household member, and alleges that shotgun was found at the residence. (ECF No. 8). Accordingly, it is this Court's finding that Young has failed to plead the requisite facts for his selective prosecution claim against Orwig and Tuttle and, as such, it fails.

     Young's claims against the City, as outlined above, are a "formalistic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 677-8, rather than factual allegations required of plaintiffs in order for the Court to undertake a plausibility analysis.  However, the Court need

not consider the merits of Young's claim against the City. Because Young has failed to demonstrate a constitutional violation, his §1983 claim against the City necessarily fails. *Sallenger v. City of Springfield, Ill.* 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.")

## CONCLUSION

For the aforementioned reasons, the Court ADOPTS Judge Cudmore's Report and Recommendation (ECF No. 12) and GRANTS Defendant Orwig, Tuttle, and the City's Motion to Dismiss (ECF No. 5). Accordingly, this cause is DISMISSED without prejudice.

Entered this 24th day of October, 2012.

  /s/  Michael M. Mihm
Michael M. Mihm
United States District Court